```
 1
 2
 3
 4
 5
 6
 7
 8                    IN THE UNITED STATES DISTRICT COURT
 9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10  ANTHONY R. TURNER,
11              Plaintiff,              No. CIV-S 07-0078 GEB CMK P
12         vs.
13  MONROE AND LEINBERGER
    SHERIFF'S DENTENTION
14  CENTER'S DIRECTOR, et al.,
15              Defendants.             ORDER
16  _____/
```

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $5.20 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

1  Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the
2  preceding month's income credited to plaintiff's prison trust account.  These payments will be
3  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
4  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

5       The court is required to screen complaints brought by prisoners seeking relief
6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may
9  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28
10 U.S.C. § 1915A(b)(1),(2).

11      A claim is legally frivolous when it lacks an arguable basis either in law or in
12 fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
13 28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
14 indisputably meritless legal theory or where the factual contentions are clearly baseless.
15 Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
16 inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
17 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

18      A complaint, or portion thereof, should only be dismissed for failure to state a
19 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
20 of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
21 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
22 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
23 complaint under this standard, the court must accept as true the allegations of the complaint in
24 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
25 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
26 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1    Plaintiff alleges that defendants violated his Fifth, Eighth, and Fourteenth
2  Amendment rights.  Review of his complaint reveals that defendants allegedly retaliated against
3  plaintiff for some undescribed exercise of free speech by placing him in Administrative
4  Segregation (Ad Seg).  Plaintiff alleges that he was not afforded his due process rights prior to
5  his placement in Ad Seg.  He states that his confinement in Ad Seg violates the Eighth
6  Amendment's prohibition of cruel and unusual punishment.  He claims that he was poisoned by
7  prison food and denied appropriate medical attention.  Plaintiff also appears to allege a violation
8  of the Fourteenth Amendment's equal protection clause.

9    The allegations in plaintiff's complaint are very vague and conclusory.  It is not
10  clear in all instances which defendants are tied to which claims.  Plaintiff does not clearly state
11  his complaints against defendants as required by Fed. R. Civ. P. 8(a)(2).  Accordingly, the
12  complaint must be dismissed.  The court will, however, grant leave to file an amended
13  complaint.

14    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
15  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
16  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
17  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
18  there is some affirmative link or connection between a defendant's actions and the claimed
19  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
20  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
21  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
22  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

23    In addition, plaintiff is informed that the court cannot refer to a prior pleading in
24  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
25  amended complaint be complete in itself without reference to any prior pleading.  This is
26  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1. Plaintiff's request for leave to proceed in forma pauperis is granted.

        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $5.20. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

        3. Plaintiff's complaint is dismissed.

        4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: February 22, 2007.

                                              CRAIG M. KELLISON
                                              UNITED STATES MAGISTRATE JUDGE