1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY R. TURNER,

11           Plaintiff,                    No. CIV-S 07-0078 GEB CMK P

12       vs.

13   MONROE AND LEINBERGER
     SHERIFF'S DENTENTION
14   CENTER'S DIRECTOR, et al.,

15   _____/              ORDER

16           Plaintiff is a state prisoner proceeding without counsel with this civil rights

17   action.  By order filed February 26, 2007, plaintiff's complaint was dismissed with thirty days

18   leave to file an amended complaint. Plaintiff has now filed an amended complaint.

19           Plaintiff's original complaint claimed violations of his Fifth, Eighth, and

20   Fourteenth Amendment rights.  Specifically, plaintiff alleged that he was retaliated against for an

21   exercise of free speech, which was not described in the complaint; placed in administrative

22   segregation (ad-seg) without being afforded due process; served poisoned food by jail staff; and

23   denied medical care after allegedly being poisoned by said food.  The original complaint named

24   several "Doe" defendants.

25   ///

26   ///

1

1    Plaintiff's amended complaint, filed on April 9, 2007[1], names at least 34 defendants.

2  Plaintiff alleges that during his arrest, defendant Luke A. Spence assaulted him and injured the

3  left side of his face. Plaintiff alleges that he was denied medical care by defendant R.N. Tony.

4  He contends that defendants Chaud and Gibson took possession of his personal property and

5  failed to give him a receipt for such.  He claims that defendants Hunter, Gibson, Duvall,

6  Jamolodin, and Chaud denied him lunch and dinner on December 12, 2006.[2]  Defendant

7  contends that as retaliation for his complaints about his alleged assault, he was placed in ad-seg

8  for approximately 2 weeks and afforded no due process and not allowed to shower or to exercise.

9  Finally, plaintiff states that when defendants finally did feed him, they "fatally" poisoned him

10 and subsequently denied him medical care for his alleged poisoning.

11    The court finds that plaintiff fails to state a cognizable Fourteenth Amendment

12 claim based on not being given a receipt for his property.  Plaintiff does not allege that his

13 property was lost or will not be returned to him at the end of his incarceration in the jail.  The

14 court finds that plaintiff fails to state a cognizable Fourteenth Amendment due process claim

15 based on his placement in ad-seg because he fails to link any named defendants with the alleged

16 denial of due process.  The court finds that plaintiff fails to state a cognizable Eighth

17 Amendment claim with respect to his alleged lack of exercise while confined in ad-seg because

18 he has failed to link any of the named defendants to this alleged violation.  The court finds that

19 plaintiff has not stated a cognizable claim of retaliation under the First Amendment.

20    Construing the complaint in a light most favorable to plaintiff, the court finds that

21 plaintiff's amended complaint states a cognizable Eighth Amendment claim for relief against

22 defendants Luke A. Spence; "Mr. Tony, R.N. (plaintiff has not provided a last name); D. Hunter;

23

---

24    [1]On May 16, 2007, the Ninth Circuit dismissed an interlocutory appeal filed by plaintiff
for lack of jurisdiction, thus clearing the way for screening of plaintiff's amended complaint.

25
     [2]Although plaintiff alleges that the violations occurred in December 2007, the court
26 assumes that he meant December 2006.

1   Gibson; Duvall; Jamolodin; Chaud; and Huff based on the claims of assault, denial of medical

2   care, denial of lunch and dinner, and being served poisoned food.

3          However, in an abundance of caution, the court will not order plaintiff's second

4   amended complaint served.  Instead, the court will allow plaintiff another chance to amend his

5   complaint to state cognizable Fourteenth, Eighth and First Amendment claims against

6   defendants.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)  Plaintiff is cautioned that is it

7   not the length of his complaint which will satisfy this requirement.  Instead, plaintiff must detail

8   to the court exactly how each defendant named participated in or caused the alleged denial of his

9   rights.  The more succinct plaintiff is in doing so, the better.

10          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

11   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

12   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

13   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

14   there is some affirmative link or connection between a defendant's actions and the claimed

15   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

16   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

17   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

18   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

19          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

20   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

21   amended complaint be complete in itself without reference to any prior pleading.  This is

22   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

23   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

24   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

25   original complaint, each claim and the involvement of each defendant must be sufficiently

26   alleged.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed.

2.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:   June 19, 2007.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE