1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY R. TURNER,

12              Plaintiff,

13        vs.                              No. CIV S 07-0078 LKK GGH P

14   MONROE AND LEINBERGER
     SHERIFF'S DETENTION CENTER'S
15   DIRECTOR, et al.,
                                           ORDER &
16
              Defendants.                  FINDINGS AND RECOMMENDATIONS
17
     _____/
18
     _____Plaintiff, a Yolo County inmate, seeks relief pursuant to 42 U.S.C. §1983.  As
19
     noted in the concurrently filed order finding service appropriate for certain defendants, by Order,
20
     filed on October 3, 2007, Judge Karlton related two cases, formerly No. CIV S 07-0078 GEB
21
     CMK P and No. CIV S 07-1362 LEW DAD P, now denominated No. CIV S 07-0078 LKK GGH
22
     P and No. CIV S 07-1362 LKK GGH P, to No. CIV S 07-0022 LKK GGH P, now No. CIV S 07-
23
     0022 GGH P.   The instant action, No. CIV S 07-0078 LKK GGH P, prior to having been related
24
     as set forth above, had an unscreened second amended complaint pending.  Plaintiff's original
25
     complaint, filed on January 12, 2007, had been dismissed with leave to amend.  See Order, filed
26

                                           1

on Feb. 26, 2007.  Judge Kellison found that plaintiff's amended complaint, filed on April 9, 2007, stated a cognizable Eighth Amendment claim against several defendants, but dismissed the amended complaint, which named at least 34 defendants, to allow plaintiff a further opportunity to frame cognizable federal claims.  See Order, filed on June 20, 2007.  The court now takes judicial notice that the claims found cognizable in the amended complaint appear on the face of it to have been largely duplicative of the claims upon which plaintiff proceeds in No. CIV S-07-0022 GGH P.

Plaintiff's second amended complaint was filed on July 17, 2007; thereafter, on October 2, 2007, plaintiff filed a motion for leave to amend, unaccompanied by a proposed further amended complaint, but seeking a copy of his original complaint, which motion will be denied as both deficient and moot.   Following the previously identified related case order, plaintiff filed a third amended complaint, on October 11, 2007, and on November 6, 2007, a fourth amended complaint.  The court will deem the fourth amended complaint the superseding complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and will proceed to screen only the allegations contained therein.

As plaintiff has been previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

1   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

2   Cir. 1989); Franklin, 745 F.2d at 1227.

3          A complaint must contain more than a "formulaic recitation of the elements of a

4   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

5   speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

6   "The pleading must contain something more...than...a statement of facts that merely creates a

7   suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal

8   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this

9   standard, the court must accept as true the allegations of the complaint in question, Hospital

10  Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

11  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.

12  McKeithen, 395 U.S. 411, 421 (1969).

13         Plaintiff names, variously, the following, although not clearly or coherently, as

14  defendants: Yolo County Sheriff Ed Prieto; Castillo; K. Harrison; D. Deneau; Lavegenour;

15  Sergeant (Sgt.) Chand; Sgt. L.S. Ray, Sr.; Oliver; D. Hunter; Castenada; Miller; Duvall; Quevos;

16  N. Rayls; S. Ward; Hemsley; Lieutenant (Lt.) Tina Day; Lt. Rademaker; Kolb.  Fourth Amended

17  Complaint (FAP), pp. 4-5, 11, 20.   Although the court has found plaintiff's fourth amended

18  complaint appropriate, or at least adequate, for service upon certain of the above named

19  defendants, plaintiff continues to allege colorable claims as to some of the defendants.

20         For example, plaintiff's claims of conspiracy are not sufficiently set forth.  FAP,

21  p. 6.  Plaintiff must make some showing of an agreement or a meeting of the minds on the part

22  of defendants to violate his constitutional rights.  Woodrum v. Woodward County, 866 F.2d

23  1121, 1126 (9th Cir. 1989), citing Fonda v. Gray, 707 F.2d 435 (9th Cir. 1983).  Conspiracy

24  allegations must be supported by material facts and not be merely conclusory statements.

25  Lockary v. Kayfetz, 587 F. Supp. 631 (N. D. Cal. 1984).  The court will now recommend

26  dismissal of any claims of conspiracy against the defendants without leave to amend.

1    To the extent plaintiff seeks to allege a criminal violation under RICO (Racketeer

2 Influenced and Corrupt Organizations Act) (FAP, pp. 6-7), the Supreme Court has made clear

3 that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution

4 of another." Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146 (1973). If plaintiff

5 intended to set forth a civil claim under RICO, he has failed because he has not alleged the

6 requisite injury to his "business or property," required pursuant to 18 U.S.C. § 1964(c). Any

7 claims of violations of RICO should be dismissed with prejudice.

8    As to plaintiff's allegations against defendants Chand, plaintiff fails altogether to

9 allege a constitutional deprivation in simply claiming that he turned a request over to him "to

10 obtain a copy of his legal mail and to track his legal mail correspondence," allegedly being

11 obstructed. FAP, pp. 14-15. Plaintiff does not even clearly set forth what occurred as the result

12 of plaintiff's submitting the request. This defendant should be dismissed without leave to

13 amend.

14    As to defendant Deputy Kolb, whom plaintiff in any case failed to name in the

15 appropriate place as a defendant, plaintiff alleges that Kolb "defrauded" plaintiff of $20.00 from

16 his jail account, stating expressly that this defendant's actions were unauthorized. FAP, pp. 20-

17 21. The United States Supreme Court has held that "an unauthorized intentional deprivation of

18 property by a state employee does not constitute a violation of the procedural requirements of the

19 Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for

20 the loss is available." Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194 (1984). Thus,

21 where the state provides a meaningful postdeprivation remedy, only authorized, intentional

22 deprivations constitute actionable violations of the Due Process Clause. An authorized

23 deprivation is one carried out pursuant to established state procedures, regulations, or statutes.

24 Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of

25 Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). The California Legislature has provided a

26 remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.

4

1    In the instant case, defendant Kolb is evidently a county, rather than a state,

2    employee, but plaintiff has not alleged any facts which suggest that the deprivation was

3    authorized, in fact, he has expressly asserted otherwise.  He does not adequately allege that there

4    is no postdeprivation remedy provided by the county or that he has taken steps with jail officials

5    or the county to seek the restoration of his putative missing funds.  Plaintiff's allegations against

6    defendant Kolbe concerning the taking of his property do not state a cognizable claim for relief.

7    This claim should be dismissed without leave to amend.

8    As to defendants N. Rayls and Hemsley, whom plaintiff maintains acted on orders

9    of defendant Castenada in searching his cell for contraband, ransacking it and taking certain

10   personal property, plaintiff purports to frame a retaliation claim.  FAP, pp. 23-24.  However, in

11   order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the

12   exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's

13   conduct.  See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).  The

14   plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the

15   conduct he contends was retaliatory.  Pratt at 806 (citing Rizzo at 532).  Verbal harassment alone

16   is insufficient to state a claim.  See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

17   However, even threats of bodily injury are insufficient to state a claim, because a mere naked

18   threat is not the equivalent of doing the act itself.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.

19   1987).  Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege

20   specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."

21   Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990).  As to defendants Rayls and

22   Hemsley, plaintiff fails to set forth the protected conduct in which he was engaged for which

23   these defendants were purportedly retaliating.  Plaintiff has had multiple opportunities to amend

24   and these defendants should be dismissed without leave to amend.

25   Finally, as to defendants Harrison; Lavegenour; Ray, Sr.; Miller; Duvall; Quevos;

26   Day; Rademaker, plaintiff fails altogether to set forth allegations against these individuals, failing

5

altogether to show how these named defendants are involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  These defendants should be dismissed with prejudice at this point.

Liberality in granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile."  Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999).  "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").  In this case, while the court has found service appropriate as to certain defendants, plaintiff has been permitted many opportunities to cure the defects of his complaint and has failed repeatedly to do so sufficiently for the court to order service upon all the named defendants, and the court can discern no basis for permitting plaintiff a further opportunity to amend.

Miscellaneous

On March 18, 2008, plaintiff inappropriately filed a first set of requests for production of documents, which will be disregarded.  Plaintiff is informed that court permission is not necessary for discovery requests and that neither discovery requests served on an opposing party nor that party's responses should be filed until such time as a party becomes dissatisfied

with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure.
Discovery requests between the parties shall not be filed with the court unless, and until, they are
at issue.   In this case, plaintiff's discovery requests were premature, the court not yet having
screened the fourth amended complaint at the time they were filed.

Accordingly, IT IS ORDERED that:

1.  Plaintiff's motion for leave to amend, filed on October 2, 2007 (#22) is denied
as both deficient and moot; and

2.  Plaintiff's March 18, 2008 (#26) requests for production of documents be
disregarded.

IT IS HEREBY RECOMMENDED that defendants K. Harrison; Lavegenour;
Chand; L.S. Ray, Sr.; Miller; Duvall; Quevos; N. Rayls; Hemsley; Tina Day;  Rademaker; Kolb
be dismissed from this action, as well as plaintiff's claims of conspiracy and of RICO violations.

These findings and recommendations are submitted to the United States District
Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
days after being served with these findings and recommendations, any party may file written
objections with the court and serve a copy on all parties.  Such a document should be captioned
"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
shall be served and filed within ten days after service of the objections.  The parties are advised
that failure to file objections within the specified time may waive the right to appeal the District
Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  04/10/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
turn0078.ofr

7