IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,

      Plaintiff,

  vs.                                No. CIV S 07-0078 LKK GGH P

MONROE AND LEINBERGER
SHERIFF'S DETENTION CENTER'S
DIRECTOR, et al.,

      Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for a temporary restraining order/preliminary injunctive relief.[1]

          This matter proceeds on a Fourth Amended Complaint (FAC),[2] filed on 10/11/07, against seven Yolo County defendants: Sheriff Ed Prieto; Deputy Castillo; Deputy D. Deneau;

---

[1] Plaintiff also asserts that he is seeking permanent injunctive relief, but that is inapposite in the context of this motion.

[2] This action was originally filed on 1/12/07. The Fourth Amended Complaint has been modified by a subsequent order, filed on 6/05/08, dismissing twelve of the defendants named therein.

1

Deputy Oliver; Deputy S. Ward; Sergeant S. Castenada; Sgt. D. Hunter.[3] Plaintiff at the time of filing this action was a Yolo County inmate. Plaintiff has since been sentenced in Yolo County Superior Court, on July 24, 2008, to a term of two years and eight months and is evidently now incarcerated at Deuel Vocational Institution (DVI), a state prison facility.[4] Motion, pp. 2-3.

TRO

The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent, however, that requests for temporary restraining orders which are not ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990). In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

Preliminary Injunction Standard

The legal principles applicable to a request for preliminary injunctive relief are well established. "The traditional equitable criteria for granting preliminary injunctive relief are: 1) a strong likelihood of success on the merits, 2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, 3) a balance of hardships favoring the plaintiff, and 4) advancement of the public interest (in certain cases)." Dollar Rent A Car v. Travelers Indem.

---

[3] The instant action and Case No. CIV S 07-1362 LKK GGH P are related to Case No. CIV S 07-0022 GGH P, cases also proceeding against Yolo County defendants.

[4] Plaintiff in his latest filing, dated 10/02/08, identifies his physical location as DVI prison, although he asks that documents regarding this case be sent to a post office box in Dunnigan, CA, the location the Clerk of the Court has recorded as his latest address of record.

Co., 774 F.2d 1371, 1374 (9th Cir. 1985). The criteria are traditionally treated as alternative tests. "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates 'either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'" Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975)). The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin, 740 F.2d at 675).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

In his motion for preliminary injunctive relief, plaintiff ranges far and wide, initially asking that the court hold defendant Ed Prieto and DVI Warden Steve Moore in contempt. Motion, p. 1. He alleges that his federal court correspondence was tampered with "pre-trial." Id., at 2. He also claims that his mail is tampered with after it is placed in the DVI prison mailbox. Id. He further contends that DVI Warden Moore deprives plaintiff of basic human needs, including 10 hours of exercise weekly, A.D.A. assistance as a mentally and physically disordered patient, that he is subjected to race/gender discrimination in A.D.A. programs and parole pre-release programs as those provided to similarly situated white and Latino prisoners. Id. Plaintiff alleges he has been credited with 29 months of time served on his

32-month sentence by the court. Id., at 3. Plaintiff claims that Warden Moore has retaliated against him, holding him for 60 days past his parole release date, which he claims he was past when the court imposed its sentence. Id. Plaintiff asks for the court to enjoin Warden Moore against plaintiff's further "illegal restraint" of him, claiming to be suffering irreparable harm. Id., at 4-5. Plaintiff goes on to allege a number of other grievances about the conditions of his confinement which the court will not recount, which appear to be largely, if not wholly, related to his incarceration at DVI. Id., at 5-15.[5] Plaintiff does claim that defendant Prieto subjected him to an adverse transfer by having him specially transported to DVI. Id., at 7.

Even if plaintiff had adequately supported his disparate and disorganized motion, this court is without jurisdiction to enjoin a party not named in the underlying complaint. Should plaintiff seek to challenge the conditions of confinement to which he objects at DVI, plaintiff may proceed to open a new civil rights actions naming the appropriate defendants. Should he challenge the duration of his sentence, he may proceed by way of a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.[6]

To the extent plaintiff seeks to have the court preliminarily enjoin defendant Prieto for any conduct related to plaintiff's transport or interference with his legal mail while plaintiff was housed under that defendant's custody, plaintiff's motion comes too late. On the face of it, such claims have been rendered moot by plaintiff's acknowledgment of his transport subsequent to his sentence and by his currently being housed at DVI. When an inmate seeks injunctive relief concerning an institution or facility at which he is no longer incarcerated, his

---

[5] Plaintiff also, inappropriately in this motion, seeks money damages as a form of relief. Motion, pp. 14-15.

[6] "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad v. Close, 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

claims for such relief become moot.  See  Sample v. Borg, 870 F.2d 563 (9th Cir. 1989); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986).  See also Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir. 1988).  Nor has plaintiff demonstrated a reasonable possibility that he will be housed at the Yolo County Jail at any predictable time in the future.  Accordingly, plaintiff's motion should be denied as to Warden Moore because he is not a defendant in this action, and as to defendant Prieto because plaintiff's claims for preliminary injunctive relief against him have been rendered moot.

Accordingly, IT IS RECOMMENDED that plaintiff's motion for a TRO/preliminary injunctive relief, filed on 8/15/08 (# 35), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/28/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
turn0078.pi