IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY RICHARDO TURNER,

                    Plaintiff,                    No. CIV S-07-0078 LKK GGH P

          vs.

MONROE AND LEINBERGER
SHERIFF'S DETENTION CENTER'S
DIRECTOR, et al.,

                    Defendants.                   ORDER

_____/

On August 7, 2009, defendants filed a motion to compel discovery responses from plaintiff and a request for sanctions, up to and including dismissal, to which motion no response was forthcoming from plaintiff. On October 6, 2009, in a reply to plaintiff's apparent non-opposition, defendants further pursued dismissal of this action. On October 16, 2009, this court ordered plaintiff to show cause, within 21 days, why defendants' motion should not be granted. Instead of a response to the show cause order, plaintiff, on October 27, 2009, filed a "notice of motion to appeal judgment," which putative judgment plaintiff identified as having been entered in this case on August 24, 2009, even though no judgment at all has yet been entered in this

\\\\\

\\\\\

1

1   case.[1]  In reply, on November 5, 2009, defendants requested that the plaintiff's notice of appeal

2   be stricken as premature.

3            Local Rule 78-230(m) provides in part:  "Failure of the responding party to file

4   written opposition or to file a statement of no opposition may be deemed a waiver of any

5   opposition to the granting of the motion and may result in the imposition of sanctions."  On July

6   17, 2008, plaintiff was advised of the requirements for filing an opposition to, inter alia, motions

7   concerning discovery or motions to dismiss, and that failure to oppose any such motions may be

8   deemed a waiver of opposition to said motions.

9            Accordingly, plaintiff's failure to oppose should be deemed a waiver of

10  opposition to the granting of the motion to compel.  This court's scheduling order, filed on April

11  17, 2009, set August 7, 2009, as the discovery deadline, and December 4, 2009, as the deadline

12  for the filing of any pretrial dispositive motion.  Thus, defendants' motion to compel discovery

13  was timely filed.  It is the plaintiff's responsibility to keep the court apprised of his current

14  address at all times.  Pursuant to Local Rule 83-182(f), service of documents at the record

15  address of the party is fully effective.  (See below).

16           Defendants aver that their discovery requests in the form of interrogatories and

17  requests for production of documents were timely served upon plaintiff, on June 8, 2009, seeking

18  information that might form the basis of plaintiff's claims.  Motion to Compel (MTC), p. 2;

19  Susan DeNardo Declaration, ¶ 3.  Defendants correctly note that discovery responses were due

20  45 days later, in this instance, on July 23, 2009.   MTC, p. 2; see Discovery Order, filed on

21  October 28, 2009.  Defendants maintain that they have received no response whatsoever to their

22  discovery requests, even though plaintiff has shown he understands the discovery process as he

23

24           [1] A related case, CIV-S-07-0022 GGH P, was dismissed with prejudice and judgment
     thereon entered on September 28, 2009, to which plaintiff filed a timely notice of appeal, which
     appeal has been processed to the Ninth Circuit, according to the docket of that case.  Another
25   related case, CIV-S-07-1362 LKK GGH P, was previously dismissed, and judgment in that case
     was entered on May 21, 2009; no appeal was filed in that case, wherein plaintiff had failed to
26   return the requisite number of copies of the complaint required to effect service.

1    served defendants with several interrogatories and requests for production of documents in a

2    related case, CIV-S-07-0022 GGH P, which defense counsel declares were responded to in

3    timely fashion. Id., DeNardo Dec., ¶¶ 4-5. In their reply to plaintiff's non-response to their

4    motion, defendants point out that the as-yet unserved discovery responses were more than two

5    months overdue at that point. Reply, p. 2, Second DeNardo Dec., ¶ 9.

6           Defendants point out their efforts to serve plaintiff with the discovery requests: on

7    June 8, 2009, defendants' counsel declare that the requests were served by mail upon plaintiff at

8    both San Quentin State Prison and at Folsom State Prison. Reply, Sec. DeNardo Dec. ¶ 3,

9    Exhibit A. When there was no response forthcoming from plaintiff, defendant's counsel then

10   had the pending motion to compel served on August 7, 2009, at both of the same addresses. Id.,

11   ¶ 4, Exh. B. Defense counsel avers that neither the discovery [requests] nor the motion to

12   compel served on plaintiff at San Quentin, nor the discovery requests served at Folsom State

13   Prison (FSP) were returned, the only exception being the motion to compel addressed to plaintiff

14   at FSP, which was returned. Id., ¶¶ 4-5. Defense counsel recounts in some detail the efforts of

15   her office to confirm plaintiff's location: evidently San Quentin State Prison staff did not return a

16   phone call on August 21, 2009, but on the same day the parole board informed counsel's office

17   that their records indicated that plaintiff was a parolee at large at that time. Id., ¶ 6. Defendants

18   had reason to doubt whether this information was current due to the discovery requests not

19   having been returned from FSP or San Quentin State Prison, nor the motion to compel from San

20   Quentin. Id. When defense counsel was finally able to speak with a staff member at San

21   Quentin State Prison, on September 30, 2009, she was told that plaintiff had been transferred

22   from there to Deuel Vocational Institution[2] (DVI) on July 22, 2009. Id., ¶ 8. After contacting

23   DVI on the same day, defendants' counsel was told that he was not housed there either. Id.

24   Finally, counsel, also on September 30, 2009, also contacted the parole board again and was

25   _____

26        [2] Defense counsel actually incorrectly states that the name of the facility is Deuel
     Vocational Facility.

1  informed that plaintiff had paroled in Yolo County.  Id.

2         The court observes that at that time the discovery requests were served, the most

3  recent change of address, to San Quentin State Prison, that had been filed by plaintiff in this case

4  was on March 18, 2009 (docket # 46).  However, although not noted in the filings of this case

5  docket, as of May 5, 2009, in a related case, CIV -S-07-0022 GGH P, plaintiff had filed a change

6  of address notice showing his then-current address as Folsom State Prison (FSP), and his address

7  in the caption of this case docket was modified to be FSP at or around that time, in reliance on

8  the related case.  This does not change the fact that after the March 18, 2009, change of address,

9  only as of the inapposite filing of plaintiff's notice of appeal, filed on October 27, 2009 (docket #

10 51), is any new address noticed by plaintiff in the record, and that change was only included as

11 the return address on the filing, not as an appropriate notice of a change of address, such that

12 plaintiff's most current address is now deemed to be that which is contained in the return address

13 of docket # 51: Yolo County Jail, 2420 East Gibson Road AZ-316 Ad Seg, Woodland, CA

14 95776.  Thus, if plaintiff was paroled into Yolo County as of September 30, 2009, or earlier,

15 thereafter, at least as of October 27, 2009, he has apparently once again been placed in jail.

16        Since the show cause order served on plaintiff at the Folsom State Prison address

17 has not been returned, the court is in as much of a quandary as defendants in trying to keep up

18 with plaintiff, but this quandary is wholly one of plaintiff's own making as he has clearly failed

19 to comply with the requirement of E.D. Local Rule 83-183(b) which requires any party appearing

20 pro se (or in propria persona) to "keep the Court and opposing parties advised as to his or her

21 current address."  Under that rule, an action may be dismissed without prejudice for failure to

22 prosecute should a plaintiff pro se fail to keep the court and opposing parties apprised of his most

23 current address, as defendants note.  Defendants' reply to appeal, docket # 52, p. 2.   Under E.D.

24 Local Rule 83-182(f), counsel and parties proceeding pro se (or in propria persona) are "under a

25 continuing duty to notify the Clerk and all other parties of any change of address....  Absent such

26 notice, service of documents at the prior address of the attorney or party shall be fully effective."

4

1    Thus, the cautious service by defendants of their discovery requests, on June 8,

2    2009, and of the motion to compel, on August 7, 2009, upon plaintiff both at the San Quentin

3    State Prison and FSP addresses is deemed to be fully effective.  Although defendant's counsel

4    ultimately obtained information that plaintiff had apparently been transferred from San Quentin

5    State Prison to DVI as of July 22, 2009, plaintiff did not notify this court of that change of

6    address, and in any event, there is no evidence whatever for the court to conclude that plaintiff

7    did not receive the June 8, 2009, discovery requests prior to his move from San Quentin,

8    particularly as these requests were not returned to defendants as mail that could not be delivered.

9    At a minimum, plaintiff has been wholly delinquent in keeping the court apprised

10   of his apparently frequent changes of address, has failed to comply with the Discovery Order,

11   filed on October 28, 2008 (# 42), as well as the discovery deadline set forth in the Scheduling

12   Order, filed on April 17, 2009 (#47) by not responding to defendants' discovery requests (and

13   subsequent motion to compel), and therefore has failed in his responsibility to prosecute this

14   case; the court could impose the terminating sanction of dismissal at this point.  Although

15   plaintiff can be deemed to have been properly served with the court's show cause order, filed on

16   October 16, 2009 (# 50), requiring a response from plaintiff to defendants' pending motion to

17   compel, which included a request for the sanction of dismissal, as this order was served on

18   plaintiff at FSP when he was evidently not there (even though the order was not returned), the

19   court will afford plaintiff one last opportunity to continue with this case.  The court is permitting

20   plaintiff one final opportunity because, although completely misguided, his latest filing, the

21   putative appeal, appears to be evidence that plaintiff has not wholly abandoned the prosecution of

22   this case.

23   Despite the fact that plaintiff makes no showing whatever that he has not received

24   the discovery requests, in order to resolve this matter as expeditiously as possible, defendants

25   will be directed to serve plaintiff once again with their discovery requests, this time at his most

26   current address at the Yolo County Jail.  They must do so within five (5) days of the date of this

order.  Plaintiff must respond fully and substantively, and, as a sanction for his dilatory behavior, he will have a very limited period of time to respond, nor may he pose any objection to any of the requests.  Discovery will be re-opened for this purpose only.  Defendants ask that plaintiff be compelled to respond to the discovery requests within 10 days; the court will permit plaintiff 14 days to serve his discovery responses once the requests have been re-served upon him, along with any production, and he must separately file in this court, within 14 days, proof of having served his responses/production (although the substantive responses must be served only upon defendants' counsel, not the court).  The court will vacate the pending dispositive motion deadline at this time and set March 8, 2010, as the new pretrial dispositive motion deadline. Plaintiff is cautioned that should he fail to fully and strictly comply with this order, the court will recommend dismissal with prejudice of this case for a repeated failure to comply with the court's orders and the Local Rules.  Fed. R. Civ. P. 41(b); E.D. Local Rule 111-10.

          Accordingly, IT IS HEREBY ORDERED that:

          1. Defendants' November 5, 2009 (docket # 52) request that plaintiff's inapposite and premature notice of appeal be stricken as premature is granted, and the Clerk of the Court is to make a note of that in the docket of this case;

          2. Defendants' motion to compel responses to their interrogatories and responses/production in response to their requests for production, filed on August 7, 2009, is granted as modified herein;

          3. Defendants must re-serve, within five (5) days, their interrogatories and requests for production of documents upon plaintiff at his most current address in the Yolo County Jail Administrative Segregation Unit;

          4. As a sanction, plaintiff must provide full and substantive responses to defendants' discovery requests within 14 days of service of those requests, and he must do so without interposing any objections; he must also, within that same time, file proof in this court of having served his discovery responses/production to defendants (but need not file his actual

discovery responses in this court);

5.  Plaintiff's failure to comply fully and strictly with this order will result in a recommendation of dismissal of this action with prejudice.  See Fed. R. Civ. P. 41(b); E.D. Local Rule 11-110;

6.  Discovery is re-opened for the sole purpose set forth in this order; the pretrial dispositive motion filing deadline of December 4, 2009, as set forth in the Scheduling Order, filed on April 17, 2009, is vacated, and the pretrial motion deadline is re-set as March 8, 2010.

DATED: 12/02/09

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
turn0078.mtc

7