IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,

    Plaintiff,           No. CIV S-07-0078 LKK GGH P

    vs.

MONROE AND LEINBERGER
SHERIFF'S DETENTION CENTER'S
DIRECTOR, et al.,

    Defendants.          FINDINGS AND RECOMMENDATIONS

_____/

Introduction

    Plaintiff, a Yolo County inmate,[1] seeks relief pursuant to 42 U.S.C. § 1983.

---

[1] Plaintiff's movements have been difficult to track because he has been inconsistent in filing an appropriate notice of change of address in this case, failing to comply with Local Rule 183(b). The failure of a pro se party (or a party in propia persona) to advise the court and opposing parties of a current address expressly permits the court to dismiss an action with prejudice for failure to prosecute. See id. Prior to the transfer of this case to the undersigned, a case found to be related to CIV-S-07-0022 GGH P, along with CIV-S07-1362 LKK GGH P, both of which have been previously dismissed, plaintiff was housed at Monroe and Leinberger Detention Center in Woodland, CA. The Yolo County Sheriff's Office filed a notice on February 5, 2009, that plaintiff had been released from their custody as of July 24, 2008. Plaintiff in a notice filed earlier, on October 2, 2008, indicated that while he was housed at Deuel Vocational Institution (DVI), he nevertheless sought for his court mail be sent to a post office box in Dunnigan, California. (Plaintiff had evidently been sentenced to a state prison term of two years and eight months. See docket # 43). On March 18, 2009, plaintiff filed a notice of change of address to San Quentin State Prison, asking that his mail in this case be sent to San Quentin and

1

1  Pending before the court is defendants' motion to dismiss this case for lack of prosecution
2  pursuant to Fed. R. Civ. P. 41(b). In apparent response, plaintiff filed a "notice of motion of
3  'objections' to recommendations for a dismissal," which the court will construe as his opposition
4  to the pending motion.² On April 12, 2010, plaintiff filed a putative appeal of an alleged March
5  21, 2010 judgment in this case. Plaintiff appears to have made a habit of filing premature notices
6  of appeal. On December 12, 2009, the undersigned granted defendants' request that plaintiff's
7  inapposite notice of appeal (filed on October 27, 2009) of a judgment that had not been rendered
8  be stricken as premature. In any event, no order of any kind, much less any judgment, issued on
9  or around March 21, 2010, and this appeal, on the face of it, is also premature and inapposite.

10 Motion to Dismiss

11  Defendants bring a motion to dismiss this action with prejudice pursuant to Fed.
12 Civ. P. R. 41(b). See Notice of Motion, p. 1. Defendants argue that plaintiff has failed
13 completely to litigate this case. Motion to Dismiss Memorandum of Points and Authorities
14 (hereafter, MTD), p. 1. Defendants aver that despite defendants' motion to compel (docket # 48)
15 and two court orders, one directing him to show cause why the motion to compel should not be
16 granted (order, filed on October 16, 2009, docket # 50) and another directing him to comply with
17 discovery (order, filed on December 2, 2009, docket # 53), plaintiff has not responded either to
18 the defendants' interrogatories or requests for production. Id. & Declaration of Susan De Nardo,

---

no longer to the Dunnigan post office box. Thereafter, plaintiff failed to file any notice of change of address; however, it appears that his next address was Folsom State Prison, possibly this was noted by reference to other cases plaintiff had brought (although in the now-stricken docket # 51, plaintiff used a Yolo County Jail address). See docket # 49, # 50, # 52. In an order, filed on December 2, 2009, the court ordered defendants to re-serve their discovery requests upon plaintiff at the Yolo County Jail Administrative Segregation Unit which plaintiff had used as a return address in docket # 51, but without ever having clarified by way of an appropriate notice of change of address his most current location. The return address on his most recent filings does indicate that plaintiff is once again in the custody of the Yolo County Sheriff's Department. See docket # 55 and # 57.

² Within the caption of this motion, plaintiff also requests a default judgment be entered against defendants for tampering with and obstructing his correspondence with the federal court (presumably, this one). He also therein seeks "'sanctions' for contempt.'"

¶¶ 5-6.  Defendants' counsel declares that the discovery sought is information that would allegedly support plaintiff's constitutional claims so the litigation can proceed.  Id. & DeNardo Dec., ¶ 4.

Defendants contend that [at the time of the filing of the instant motion] the operative fourth amended complaint had been filed more than two years ago, on November 2, 2007 (docket # 25).  MTD, p. 2.  Defendants propounded their interrogatories and requests for production following the filing of an answer (on September 19, 2008, docket # 37) and issuance of the court's discovery (on October 28, 2009, docket # 42) and scheduling (on April 17, 2009, docket # 47) orders.  Id.  Plaintiff's responses, according to defendants, were due on July 23, 2009, but none were forthcoming, whereupon their motion to compel was filed on August 7, 2009, seeking sanctions (docket # 48).  Id.  Defendants correctly observe that plaintiff filed no opposition, thereby waiving objections, and on October 16, 2009, as noted, the court ordered plaintiff to show cause why the motion should not be granted (docket # 50).  Id.  Defendants further contend (id.) that plaintiff did not respond to the order, instead filing, on October 27, 2009, a notice of appeal from a judgment which had not been made (docket # 51) which the court has noted above was stricken as inapposite and premature.  Defendants note, moreover, that in filing the putative appeal, plaintiff included a Yolo County Jail address as his residence in lieu of filing an appropriate notice of his change of address pursuant to the applicable Local Rule (now denominated 183(b)),[3] which constitutes a separate ground for dismissal based on a failure to prosecute (docket #'s 51-53).  Id.

Defendants point to the court's seven-page order, filed on December 2, 2009, wherein plaintiff's failure to comply with the Local Rules and the court's orders, including the scheduling order (docket # 53).  MTD, p. 2.  Within the order, the court cautioned plaintiff that should he fail to comply "fully and strictly" with the order, "the court will recommend dismissal

---

[3] See note 1.

3

with prejudice of this case for a repeated failure to comply with the court's orders and the Local Rules," citing Fed. R. Civ. P. 41(b) and E.D. Local Rule 11-110 (now simply, Local Rule 110). See Order, filed on December 2, 2009, pp. 6, 7 (docket # 53). The undersigned gave plaintiff one more opportunity to go forward with his case, directing defendants to re-serve their discovery requests upon plaintiff at his latest address, the Yolo County Jail, within five days. MTD, p. 2, citing Order, at docket # 53. Defendants served (or re-served) the requests on December 9, 2009, which defendants note was a date in compliance with Fed. R. Civ. 6(d) (permitting three additional days under these circumstances). MTD at 2-3, footnote 2 & DeNardo Dec. ¶ 5, Exhibit (Ex.) A, copy of set one of defendants' request for production of documents; Ex. B, copy of set copy of set one of interrogatories, with proofs of service. Plaintiff was also ordered to answer, without objection, the defendants' discovery requests within fourteen days of service of the requests and to file proofs of service of having done so in that same time frame. Id., at 3, DeNardo Dec. ¶ 6, Order, at docket # 53, pp. 6-7. To the date of the pending motion, defendants' counsel avers, no responses had been received. Id. In addition, the court notes, plaintiff has failed to file the requisite proofs of service. Defendants seek dismissal with prejudice pursuant to Fed. R. Civ. P. 41(b), as noted earlier and also contend that terminating sanctions are also warranted under Fed. R. Civ. P. 37, as they had argued in their motion to compel. Id.

        In his "objections," construed, as noted above, as his opposition to the pending motion, plaintiff does not respond directly. Rather, he inappropriately asks that a notice of default be entered against defendants. Opposition (Opp.), p. 1. He alleges that the defendants have illegally tampered with and obstructed his federal court correspondence. Id. He claims to be racially segregated and subjected to retaliation, to have been physically assaulted by agents of the defendants and deprived of medical care when he was injured by non-party agents. Id. at 2. Plaintiff claims to be in imminent peril and deprived of basic human needs, such as showers, exercise, shaving and cell sanitation supplies. Id. at 3. He alleges that he is also being deprived

access to purchase writing materials and envelopes, that he is being deprived of food as well. Id. In short, plaintiff simply complains of a host of jail conditions rather than substantively addressing the pending motion. Plaintiff asks that the court intervene to investigate what he asserts is a criminal conspiracy to deprive him, inter alia, of his right of court access. Id. at 4. He does not explain how it is that he is able by his opposition to communicate with the court. Plaintiff claims that for the two preceding months he had been prevented from litigating this action and himself seeks sanctions in the amount of $80,000.00. Id. Plaintiff's allegations about being limited for the two months previous to the filing of his opposition do not clarify why he was unable to respond to defendants' discovery requests, motion to compel or the court's orders. Plaintiff asks for a further 30-day extension of time and requests that defendants be required to provide him legal assistance. Id. at 5. Plaintiff attaches several unauthenticated documents as exhibits, among which are what appear to be copies of memoranda from a Correctional Officer (C/O) Kolb. MTD, pp. 11-12. In a memo dated February 17, 2010, C/O Kolb indicates that an envelope marked legal mail by plaintiff lacked the required postage and was being returned to plaintiff because plaintiff did not have the funds in his account after having purchased unidentified commissary items but was not considered indigent by the standards of jail policy until March 9, 2010. MTD, p. 11. A March 1, 2010 memo, also apparently from Kolb, indicates that two envelopes marked legal mail were being returned to plaintiff for the same reasons. MTD, p. 12. Plaintiff, within his motion, does not identify any of this mail as having been plaintiff's discovery responses at issue herein; nor does he explain why he failed, at a minimum, to include said responses with his opposition, or at least serve them even so very belatedly upon defendants, particularly given that defendants had attached their discovery requests to the pending motion. Plaintiff does not dispute that he was re-served with the discovery requests on or around December 9, 2010, and makes no specific representation that he did not receive the re-served discovery requests. He does not offer any evidence to show that legal mail he attempted to mail out during the period from December 23, 2010 or the following week was returned to

him. Further, plaintiff offers no explanation as to why, once he would either have the funds or be deemed indigent according to the foregoing memos, by March 9, 2010, why he either did not mail (or, if previously attempted but returned, re-mail) his responses. Plaintiff does not particularly help himself by including a copy of a Yolo County Sheriff's Department inmate mail handling record slip, dated October 9, 2007 (more than three years ago at this point), showing that mail from *Playboy* was returned for having "contained obscene or sexually explicit material." Id. at 13. Plaintiff's difficult-to-read copies (again unauthenticated) of "Yolo County Sheriff's Department Detention Rules Violation Report[s]," noting some loss of privileges, are dated, February 23, 2010, and March 3rd and 4th, 2010, which dates again are far beyond the deadline set for his one last opportunity to respond to the discovery requests to which the court had ordered him to respond. The apparent copies of his inmate grievances that he includes, at Opp., pp. 19-24, dated as initiated on January 6, 2010, February 4, 2010, and February 7, 2010, do not appear to be remotely relevant to the question of why he has repeatedly failed to respond to the defendants' discovery requests or the court's orders concerning them; instead, they appear to have been included in an effort to bolster his claims that he continues to be subjected to what he deems unconstitutional conditions of confinement. He complains therein of the allegedly defective condition of his razors, causing him injury; of his claimed restricted daily exercise; of being generally targeted for retaliatory abuse and discrimination on the basis of race; of having his food tampered with and his access to grooming tools denied. Opp., pp. 19-24.

Analysis

None of plaintiff's disparate complaints in his opposition, although broad-sweeping, speak in any way to any reason whatever for plaintiff to have continued to fail to respond to defendants' discovery requests pursuant to court order in this case, as defendants note in their reply to plaintiff's opposition. Defendants' are correct that they may move for dismissal with prejudice of this action for plaintiff's failure to prosecute or to comply with the Federal

\\\\\

6

Rules of Civil Procedure or an order of the court, pursuant to Fed. R. Civ. P. 41(b).[4] In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with the Federal Rules of Civil Procedure or the Local Rules, the court must consider several factors: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'"  Malone v. U.S. Postal Serv., 833 F.2d 128, 130-131 (9th Cir. 1987), quoting Thompson v. Housing Authority, 782 F.2d 829, 832 (9th Cir. 1986).

As to the first two factors, the public's interest in expeditious resolution of litigation and the court's need to manage its docket, these factors plainly weigh in favor of dismissal.  The original complaint was filed on January 12, 2007, and the fourth amended complaint, filed since November 2, 2007,[5] has at this point been operative for nearly three years. Plaintiff has been given more than ample opportunity to respond to defendants' discovery requests and the court's orders regarding them and has continuously apparently refused to do so, failing once again to do so even as part of his opposition to the pending motion.   This court's docket is far too burdened to continue to afford plaintiff further opportunities that he has shown no interest in taking to continue to pursue this action.

As to the third factor, the risk of prejudice to the defendants, defendants point out that they have not been able to litigate this case further due to plaintiff's lack of responsiveness to their discovery requests and his lack of compliance with the court's discovery and scheduling

---

[4] Fed. R. Civ. P. 41(b), in relevant part: "**Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b)...operates as an adjudication on the merits."

[5] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988)(pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009), holding that "the Houston mailbox rule applies to § 1983 complaints filed by *pro se* prisoners").

orders and the Local Rules regarding discovery, motions and changes of address. MTD, p. 4. Defendants contend that they have expended valuable resources in moving the court to compel plaintiff's compliance with the rules applicable to their discovery requests, all to no avail. Id. The court will find that defendants have made a showing that they have suffered prejudice by plaintiff's failure to respond to their discovery requests or their motion to compel or to court orders or with the Local Rules regarding the need to file appropriate notices of changes of address. Plaintiff's myriad complaints about the way he is allegedly being treated in jail simply do not obviate his duty to prosecute an action he brought.

Defendants acknowledge that the fourth factor does weigh in plaintiff's favor, the public policy favoring disposition of cases on their merits. MTD, p. 4. However, the court agrees with defendants that this single factor does not outweigh the factors favoring dismissal in this instance. Defendants note again that plaintiff failed to oppose the motion to compel or respond to the order to show cause. Id. at 4-5. Defendants also observe that in the related Case No. CIV-S-07-0022 GGH P, plaintiff also refused to respond to discovery or to the motion to compel therein. Thus, his apparent disengagement in this case appears to be a something of a pattern for plaintiff. In its order filed on Dec. 2, 2009, the court stated, in part:

> At a minimum, plaintiff has been wholly delinquent in keeping the court apprised of his apparently frequent changes of address, has failed to comply with the Discovery Order, filed on October 28, 2008 (# 42), as well as the discovery deadline set forth in the Scheduling Order, filed on April 17, 2009 (#47) by not responding to defendants' discovery requests (and subsequent motion to compel), and therefore has failed in his responsibility to prosecute this case; the court could impose the terminating sanction of dismissal at this point. Although plaintiff can be deemed to have been properly served with the court's show cause order, filed on October 16, 2009 (# 50), requiring a response from plaintiff to defendants' pending motion to compel, which included a request for the sanction of dismissal, as this order was served on plaintiff at FSP when he was evidently not there (even though the order was not returned), the court will afford plaintiff one last opportunity to continue with this case. The court is permitting plaintiff one final opportunity because, although completely misguided, his latest filing, the putative appeal, appears to be evidence that plaintiff has not wholly abandoned the prosecution of this case.

Order at docket # 53, p. 5.

Unfortunately, plaintiff once again squandered the opportunity he was generously afforded and has provided no legitimate explanation for his continued failure to prosecute this action. As to the fifth factor, defendants contend that less drastic sanctions would not address adequately "plaintiff's absolute refusal to follow court orders, Local Rules, or answer discovery," and further maintain that, in light of his inmate in forma pauperis status, to impose monetary sanctions would be unrealistic. MTD, p. 5. The court finds that the imposition of monetary sanctions upon plaintiff as a lesser alternative to dismissal would ultimately be fruitless and in any event would not be a sufficient sanction in light of plaintiff's wholesale failure to prosecute this case.

The undersigned will now recommend that this action be dismissed for plaintiff's failure to comply with court orders and for his failure to prosecute this action.

> "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. [FN3] The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."

Roadway Express, Inc., v. Piper, 447 U.S. 752, 765, 100 S. Ct. 2455, 2463 (1980), quoting Link v. Wabash Railroad Co., 370 U.S. 626, 629-630, 82 S. Ct. 1386, 1388 (1962); Plaut v. Spendthrift, 514 U.S. 211, 228, 115 S. Ct. 1447, 1457 (1995) ("[t]he rules of finality, both statutory and judge made, treat," inter alia, dismissals "for failure to prosecute: as a judgment on the merits.").

Accordingly, IT IS RECOMMENDED that defendants' motion to dismiss this action with prejudice for plaintiff's failure to prosecute, pursuant to Fed. R. Civ. 41(b), filed on March 8, 2010 (docket # 54), be granted and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/29/2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
turn0078.mtd